IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MICHAEL PAUL BARLOW,

    Defendant.

Crim. No. 03-60137-HO

ORDER

In support of his motion to vacate, set aside or correct sentence, petitioner argues that the court unconstitutionally enhanced his sentence based upon facts not charged in the indictment nor proved to a jury in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), as clarified by Blakely v. Washington, 542 U.S. 296 (2004), United States v. Booker, 125 S.Ct. 738 (2005), and United States v. Ameline, 400 F.3d 646 (9th Cir. 2005).

The court sentenced defendant on February 17, 2004, and

entered judgment on February 20, 2004. Defendant did not appeal. As part of the plea agreement, defendant waived his right to file a motion pursuant to 28 U.S.C. § 2255 to set aside the conviction and sentence, except on grounds of ineffective assistance of counsel, newly discovered evidence, or a retroactive change in the applicable guidelines or statute. Gov't Ex. 1 at 3. Although the Supreme Court subsequently held the guidelines unconstitutional as then constructed, change in law does not render defendant's plea unknowing or involuntary. United States v. Cardenas, 405 F.3d 1046, 1048 (9th Cir. 2005).

Had defendant not waived his right to file a Section 2255 motion, or if his waiver is not valid, he is entitled only to the benefit of the rule announced in the Apprendi case.[1] Defendant's conviction became final after Apprendi, but before Blakely and Booker, and the latter two cases do not apply retroactively on collateral review. Schardt v. Payne, __ F.3d __, 2005 WL 1593468, *11 (Blakely); See e.g. McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005) (Booker); but see United States v. Siegelbaum, 359 F.Supp.2d 1104, 1106-08 (D.Or. 2005) (decided before Schardt).[2]

---

[1] Defendant's sentence did not exceed the statutory maximum, and so did not violate Apprendi under the state of the law at the time of sentencing.

[2] Even if Blakely and Booker apply retroactively, defendant would not be entitled to relief. He did not, and does not contest the facts upon which his sentence was determined, and

2 - ORDER

In any event, defendant's motion is untimely. Because Blakely and Booker do not apply retroactively on collateral review, the one-year limitations period for filing a Section 2255 motion commenced on or about March 4, 2004, upon the expiration of the time during which defendant could have sought review by direct appeal. 28 U.S.C. § 2255; United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). Defendant's motion is dated April 20, 2005, and was filed April 22, 2005.

On the merits, defendant is not entitled to relief. He admitted in his plea agreement the facts upon which the court based his sentence. Gov't Ex. 1, ¶ 3, Ex. 2 at 11, ln. 10-11, at 14, ln. 15, at 15, ln. 25. Under these circumstances, there is no violation of rights identified in Apprendi, Blakely and Booker.

## Conclusion

Based on the foregoing, defendant's motion to vacate, set aside or correct his sentence is denied.

IT IS SO ORDERED.

DATED this 22nd day of July, 2005.

_____
Michael R. Hogan
United States District Judge

---

thus does not demonstrate prejudice or a potential miscarriage of justice. See Siegelbaum, 359 F.Supp.2d at 1108.

3 - ORDER